## Anton Tadrowski, Defendant in Error, v. Thomas Burke, Plaintiff in Error.

### Gen. No. 16,646.

EVIDENCE—*weight.* Where there are but two witnesses on one side and four on the other as to material points in a case, it cannot be said that the verdict of a jury in favor of the former is against the manifest weight of the evidence where the statements of the two witnesses seem more probable than the statements of the opposing witnesses.

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

SNITE & McNEIL, for plaintiff in error.

PEASE, SMIETANKA & POLKEY, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

The defendant in error, hereinafter called the plaintiff, recovered judgment in the Municipal Court for $399 from the plaintiff in error, hereinafter called the defendant, for damages suffered by reason of a breach of contract involving the excavation of trenches for the construction of sewers in Exchange avenue and other streets in South Chicago. Several errors were assigned upon the record, but only one has been discussed, namely, that the verdict is against the weight of the evidence. It appears from the evidence that the defendant, Burke, had a contract with the City of Chicago for the laying of sewers in a system of streets, including Exchange avenue from Seventy-Ninth to Eighty-First street and three other side streets between Exchange avenue and Railroad avenue, a distance of a short block. Burke hired plaintiff to excavate the trenches for the sewers and to do the back-filling at the price of thirty cents per lineal foot. The evidence

is conflicting as to whether this contract included the whole system or only that part which was to be built on Exchange avenue. According to the story of the plaintiff, in which he is corroborated by one of his workmen, plaintiff excavated first the block between Seventy-Ninth and Eightieth streets on Exchange avenue, which took him four or five days, and two or three weeks later excavated the block between Eightieth and Eighty-First streets on Exchange avenue; that he was then told by defendant's foreman that the work was not ready for the back-filling and that the plaintiff would be notified when defendant was ready for that work to be done; that he received no such notification and, after finishing another contract, he returned to Exchange avenue and found others doing the work which he had contracted to do. According to the defendant's story, the plaintiff was not employed to excavate for the whole system of sewers, but only that part which was to be built on Exchange avenue, about two blocks in length, and that even this work was not done according to the contract, but on the contrary, after working four or five days and excavating but one block and running a plow through the other block he, for some unexplained reason, quit work and never returned. As to the amount and character of the work done the defendant is corroborated by three witnesses, one of them his foreman, and the other two his nephews and employes. It further appears from the evidence that the work on Exchange avenue was more difficult than on the side streets, by reason of the fact that an old car track and a slag pavement had to be taken up on that street. None of the back-filling was done by the plaintiff. The defendant claims that he sent word to the plaintiff when to come and finish his job, but that the plaintiff did not return, and did not finish the work. It was further shown that the reasonable cost of back-filling on Exchange avenue was ninety-six dollars, and that the reasonable cost of excavating and back-filling on the side streets was $135. These two

sums subtracted from $630, the contract price, is the amount of the verdict, $399.

Counsel for plaintiff in error insists that this court should reverse the judgment upon the theory that, as there were two witnesses on one side and four on the other as to the material points, (there being, as he claims, no elements of probability to turn the scale) the verdict is manifestly against the preponderance of the evidence. We cannot agree with this contention. In our opinion there are elements of probability in the story of the plaintiff and of improbability in the story of the defendant. Defendant and his witnesses give no reason whatever for the alleged action of the plaintiff in quitting the work. Plaintiff's story in this respect is reasonable and probable. The plaintiff testified to dates from memoranda made at the time. The defendant's witnesses testified merely from general recollection. The story that the defendant sent word to the plaintiff to proceed is denied by the plaintiff, and is, in itself, indefinite, uncertain and rather improbable. The jury in the court below and the trial judge saw the witnesses and heard their testimony. In view of what has been stated above regarding the character of the several stories told by the witnesses, the element of personal observation of the witnesses upon the stand is important. From the fact that a motion for new trial was overruled by the trial judge we must assume that he agreed with the jury, that the two witnesses for the plaintiff were of greater credibility, and the story told by them more reasonable and probable than that of the defendant and his witnesses. Having these views, after a careful study of the evidence, we cannot say that the verdict is manifestly against the weight of the evidence.

The judgment of the Municipal Court will therefore be affirmed.

*Affirmed.*